UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DONAHUE and SANDRA M.
LEIGHTON-DONAHUE,

      Plaintiffs,

                                                 Case No. 13-10205
v.                                            Hon. Gerald E. Rosen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and J.P. MORGAN
CHASE BANK, N.A.,

      Defendants.
_____/

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 13, 2013

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

Plaintiffs James Donahue and Sandra M. Leighton-Donahue commenced this case in state court on November 24, 2012, challenging on various state-law grounds the Defendant lenders' efforts to foreclose on their home in Grosse Ile, Michigan and to pursue state court proceedings to evict them from this residence. Defendants removed the case to this Court on January 17, 2013, citing the diverse citizenship of the parties. Presently before the Court is Plaintiffs' February 12, 2013 motion for a temporary restraining order, with Plaintiffs requesting that this Court stay a scheduled February 14,

2013 hearing in a Michigan district court on Defendant Federal National Mortgage Association's motion for entry of a judgment of possession. (*See* Plaintiffs' Motion, Ex. A, Notice to Appear.)[1]

The Court finds, for a number of reasons, that Plaintiffs' motion must be denied. First, to the extent that Plaintiffs suggest that it would be appropriate under Fed. R. Civ. P. 65(b)(1) to issue a temporary restraining order without notice to the Defendant lenders, (*see* Plaintiffs' Motion, Br. in Support at 1 (citing this Rule)), such a course of action is permitted only if Plaintiffs provide "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiffs' motion is unaccompanied by any such affidavit identifying a specific factual basis for immediate injunctive relief before Defendants may be heard, nor did they file a verified complaint.

Yet, even if Defendants were given the notice and opportunity to respond that Rule 65 ordinarily requires absent compelling circumstances, the Court could not award the preliminary injunctive relief sought by Plaintiffs. One of the factors to be considered in determining whether to award such relief is "whether the moving party has a strong likelihood of success on the merits." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir.

---

[1]This hearing evidently was initially set for November 29, 2012, but was adjourned to February 14, 2013. It appears that Plaintiffs' motion for a stay of proceedings also is scheduled to be heard at the forthcoming February 14 hearing.

2003). Plaintiffs' effort to address this factor consists of a one-sentence assertion, unsupported by citation to the record or any authority, that they have "a great likelihood of success on the merit[s] of the case in that if Plaintiffs had the opportunity of discovery it would have established fraud or irregularities on the part of the Defendant[s]." (Plaintiffs' Motion at ¶ 24.) "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.,* 692 F. Supp.2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)). Even if the Court were permitted to do the work of Plaintiffs and their counsel and attempt to fashion a "likelihood of success" argument on their behalf, it cannot be said that the bare allegations of Plaintiffs' complaint — which, again, are unaccompanied by any affidavits that could at least attest to the matters within Plaintiffs' personal knowledge — establish a likelihood that they could eventually provide the requisite evidentiary support for one or more of the theories of recovery they have advanced in this case.

Finally, and most importantly, it appears that the relief sought in Plaintiffs' present motion is not within the Court's power to grant. In particular, Plaintiffs ask the Court to enjoin a scheduled February 14, 2013 state court hearing at which Defendant Federal National Mortgage Association evidently will seek a judgment of possession. Under the

federal Anti-Injunction Act, however, this Court ordinarily "may not grant an injunction to stay proceedings in a State court," 28 U.S.C. § 2283, except in limited circumstances that do not appear to exist here. *See Cragin v. Comerica Mortgage Co.,* No. 94-2246, 1995 WL 626292, at *1 (6th Cir. Oct. 24, 1995) (holding that the Anti-Injunction Act "generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts"); *Cheff v. US Bank National Ass'n,* No. 11-10049, 2011 WL 308173, at *2 (E.D. Mich. Jan. 27, 2011); *Leavell v. Wells Fargo Bank, N.A.,* No. 08-15278, 2009 WL 1439915, at *3-*4 (E.D. Mich. May 19, 2009). Of the three limited exceptions set forth in the Act, the only one that is even arguably applicable here is the exception that permits an injunction "where necessary in aid of [the Court's] jurisdiction." 28 U.S.C. § 2283. Yet, Plaintiffs expressly acknowledge in their motion that "the exact same issues" are presented in this case and in the state court proceedings. (Plaintiffs' Motion at ¶ 19.) Plaintiffs fail to suggest any reason why this Court should derail a scheduled state court hearing on these issues, and instead insist that a federal court should resolve in the first instance the questions of state law raised in Plaintiffs' complaint. Nor is this Court aware of any case law holding, under these or comparable circumstances, that such a course of action is "necessary" within the meaning of the Anti-Injunction Act.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' February 12, 2013 motion for a temporary restraining order (docket #8) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: February 13, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager