UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DONAHUE and SANDRA
M. LEIGHTON-DONAHUE,

    Plaintiffs,                                           Case No. 13-10205

vs.                                                     Hon. Gerald E. Rosen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and J.P. MORGAN
CHASE BANK, N.A.,

    Defendants.
_____/

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         April 22, 2014        

PRESENT: Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

In an opinion and order and an accompanying judgment dated March 31, 2014, the Court granted Defendants' motion to dismiss and dismissed this case with prejudice. Through the present motion filed on April 14, 2014, Plaintiffs now seek reconsideration of two aspects of the Court's decision. For the reasons stated briefly below, the Court finds no basis for revisiting the rulings in its March 31 opinion.

In moving for reconsideration of the Court's March 31 ruling, Plaintiffs first point to the allegations of their complaint concerning deceptive acts or unfair practices allegedly engaged in by Defendants, and they suggest that these allegations would

support a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Yet, in their response to Defendants' underlying motion to dismiss, Plaintiffs never expressed any desire or intention to pursue a claim under the FDCPA; indeed, this statute is not even mentioned anywhere in Plaintiffs' prior submissions to the Court in this case. It is well established that a motion for reconsideration is not an appropriate mechanism for raising issues for the first time that were readily available to the parties when they briefed the underlying motion. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion."); *Smith v. Mount Pleasant Public Schools,* 298 F. Supp.2d 636, 637 (E.D. Mich. 2003) (emphasizing that "[a] motion for reconsideration is not properly used as a vehicle to . . . advance positions that could have been argued earlier but were not"). Thus, the Court declines to consider Plaintiffs' untimely appeal to the FDCPA.[1]

---

[1]For what it is worth, it seems highly doubtful that Plaintiffs could state a viable FDCPA claim under the circumstances presented here. As the Sixth Circuit has explained, the FDCPA "applies to 'debt collectors,' but not to 'creditors,'" and the statute defines a "debt collector" as a person or entity that engages in "business the principal purpose of which is the collection of any debts." *Dauenhauer v. Bank of New York Mellon,* No. 13-5810, 2014 WL 1424494, at *8 (6th Cir. Apr. 15, 2014) (quoting 15 U.S.C. § 1692a(6)); *see also Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 411 (6th Cir. 1998). Accordingly, an entity that "is primarily in the business of extending credit" does not qualify as a "debt collector" under the FDCPA. *Lewis,* 135 F.3d at 411; *see also Dauenhauer,* 2014 WL 1424494, at *8. The allegations of deceptive acts and unfair practices recounted in Plaintiffs' present motion are directed exclusively at Defendant J.P. Morgan Chase Bank, N.A., and this lender presumably engages primarily in the business of extending credit rather than collecting debts.

Next, Plaintiffs take issue with the Court's treatment of their allegations of "robo-signing." The Court, however, addressed these allegations at multiple points in its March 31 ruling, finding (i) that Plaintiffs' allegations of robo-signing were too speculative to satisfy the requirement that fraud be alleged with particularity, (ii) that Plaintiffs seemingly had abandoned any claims arising from their allegations of robo-signing, in light of their failure to address this practice in their response to Defendants' motion to dismiss, and (iii) that, in any event, Plaintiffs failed to identify any prejudice they suffered as a result of any alleged robo-signing. (*See* 3/31/2014 Op. at 14-16 & n.8.) Under Local Rule 7.1(h)(3) of this District, this Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," and this principle forecloses Plaintiffs' attempt to resurrect their complaints of robo-signing through the present motion.[2]

Accordingly, for these reasons,

---

[2] Moreover, to the extent that Plaintiffs point to a 2012 consent judgment in litigation brought by the Massachusetts attorney general as purportedly lending more credence to their allegations of robo-signing, Plaintiffs fail to explain why they could not have raised this same point in their response to Defendants' underlying motion to dismiss. As stated earlier, a motion for reconsideration is not a proper vehicle for raising issues for the first time that were available but not addressed in a party's briefing on an underlying dispositive motion. In any event, in ruling on Defendants' motion to dismiss, the Court assumed the truth of Plaintiffs' allegations of robo-signing — at least to the extent that they were not directly contradicted by the record that was considered part of the pleadings — but nonetheless concluded on several grounds that these allegations did not provide a basis for the relief sought in Plaintiffs' complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' April 14, 2014 motion for reconsideration (docket #20) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 22, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135